FLINT MOTOR CAR COMPANY *vs.* EDWARD W. EVERSON.

APRIL 10, 1912.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

*(1)   Evidence.   Book Account.   Secondary Evidence.*

In an action on book account, the bookkeeper of plaintiff was properly permitted to testify from a book as to the alleged account, where it appeared that the original slips had been accidentally destroyed by fire, and that the book contained correct copies thereof, made by her, for irrespective of the validity of the book as one of original entry, it was competent secondary evidence of the contents of the slips.

*(2)   Evidence.*

Q. "How much do you consider is your loss in being deprived of the use of your automobile?"
*Held*, properly excluded as calling for an opinion and not for facts.

ASSUMPSIT.  Heard on exceptions of defendant, and over-ruled.

DUBOIS, C. J.  This is an action of assumpsit on book account, brought by the plaintiff in the Superior Court to recover the sum of $517.38 for work done and materials furnished in repairing the defendant's automobile.  The plea was the general issue.  The case was tried before a jury in the Superior Court and resulted in a verdict for the plaintiff for $623.40.  Thereupon the defendant made a motion for a new trial of the case before the judge who presided at the trial and the same was denied.  Whereupon the defendant excepted to such ruling and has duly prosecuted his bill of exceptions, containing the same and other exceptions saved by him during the course of the trial, to this court and the case is now before us upon said bill of exceptions, which reads as follows: "Now comes the defendant in the above entitled cause and files this, his bill of exceptions, and says:

"This is an action in assumpsit on an alleged book account brought by the plaintiff against the defendant to recover the sum of $517.38.

"Said cause was tried before Mr. Justice Rathbun and a jury on the 5th and 6th days of May, A. D. 1911, and a verdict was rendered in favor of the plaintiff for the amount claimed, with interest added thereto.

"That within seven days of the rendering of said verdict the defendant filed a motion for a new trial, which said motion was based on the following grounds:

"1.  That said verdict is against the evidence and weight thereof.

"2.  That said verdict is against the law.

"3.  That the damages awarded by said verdict are excessive.

"That said motion for a new trial was subsequently heard on the 27th day of May, A. D. 1911, by Mr. Justice Rathbun and denied and the defendant's exception noted to said decision.

"That within seven days of said decision denying defendant's motion for a new trial, the defendant filed a notice in the office of the Clerk of the Superior Court of his intention to prosecute his bill of exceptions to the Supreme Court.

"That during the trial and the proceedings of said case certain errors were committed by said court and certain exceptions were actually taken by defendant, which said errors and exceptions are shown in and by the transcript of the testimony taken in said cause, filed herewith and made a part of this bill of exceptions. Said exceptions, stated clearly and separately, are, viz.:

"1st:  To the ruling of the justice presiding at the trial of said action in permitting the witness Alma C. Mowry to read from a book certain entries made by her therein from original slips, the original slip not being produced in court, and to testify from said book as to the alleged book account held by the plaintiff against the defendant.

"Which said exception is found on page 4 of the transcript of the testimony and was preceded by objection of counsel found on pages 2 and 3 of the transcript of testimony to questions 14, 15 and 18, respectively.

"2nd:  To the ruling of the justice presiding at the trial in permitting witness Alma C. Mowry to testify as to book entries from the book she had made of entries copied from original slips.

"Which said exception is found on page 6 of the transcript of testimony.

"3rd:  To the ruling of the justice presiding at the trial, in refusing to strike out the testimony of Alma C. Mowry, bookkeeper for the plaintiff.

"Which exception appears on page 56 of the transcript of the testimony.

"4th:  To the ruling of the presiding justice in excluding the answer of the defendant to question 41 of his direct examination, as to his own damages.

"Which said exception is found on page 78 of the transcript of testimony.

"5th: To the ruling of the justice presiding at the trial in permitting the plaintiff's counsel to inquire of the defendant as to any indebtedness of his to the Union Trust Co. as asked in question 131 to defendant on page 89 of the transcript of testimony.

"Which said exception is found on page 89 of the transcript of testimony.

"6th: To the ruling of the justice presiding at the trial in permitting the plaintiff's counsel to inquire of defendant as to any indebtedness of his to the Union Trust Co. as asked in question 133 to defendant on page 89 of the transcript of testimony, which said exception is found on page 90 of the transcript of testimony.

"7th: To the refusal of the court to charge the jury as requested by the defendant as follows: 'The original time slips for the time of workmen on this job not being produced, and no original slips for material used upon the job being presented, the jury are not entitled to consider as evidence of a shop book or book account the book of entries introduced by the plaintiff to prove the amount of charges against the defendant.'

"Which said exception is found on page 100 of the transcript of testimony.

"8th: To that portion of the charge of the justice presiding at the trial in which he charged the jury as follows: 'The plaintiffs have introduced their books in evidence, they have explained their system of bookkeeping. The bookkeeper testifies that she copied accurately the slips which were handed in to her, showing the amount of labor and materials furnished to the defendant to be used upon his car. The foreman of the shop has testified that the slips which he delivered were accurate and that they gave a true statement of the labor and materials furnished to the defendant's car.'

"Which said exception is found on page 100 of the transcript of testimony.

"9th: To the ruling of the justice presiding at the trial in denying the defendant's motion for a new trial, based on the grounds:

"(1)  That the verdict in said cause was against the evidence and the weight thereof.

"(2)  That the verdict was contrary to law.

"(3)  That the damages awarded by said verdict are excessive.

"Which exception is found among the Clerk's entries on the jacket of the papers in said cause and is further found in the notice filed by the defendant of his intention to prosecute his bill of exceptions.

"And the defendant insists that all of said rulings are erroneous and prejudicial to the defendant, and that said errors entitle the defendant to have a new trial or to have judgment entered in this court for the defendant.

"Wherefore, within the time prescribed by law, the defendant tenders this his bill of exceptions, and prays that the same may be allowed by this court in accordance with law."

The defendant waiving his fifth and sixth exceptions relies upon the others and claims that thereby the following questions are raised:

"I.  Is the testimony of witness Alma C. Mowry as to the alleged book account of the plaintiff proper and competent evidence to support the items in book account when witness had no personal knowledge of the work and materials furnished and the original slips from which she made the entries are not produced in evidence?

"This question is raised by the 1st, 2nd, 3rd, 7th, and 8th exceptions.

"II.  Did the court err in refusing to permit the defendant to testify or submit evidence as to his damage in not having the use of his car for a period of more than two months after the time, as he claimed, that the job was to be completed by the plaintiff?

"This question is raised by the 4th exception.

"III.  Did the court err in refusing defendant's motion for new trial?

"This question is raised by the 9th exception."

(1)      There is no merit in the defendant's 1st, 2nd, 3rd, 7th, and 8th exceptions. The evidence of the bookkeeper was that she made absolutely correct copies of the original slips that were handed in to her daily. It further appeared that these original slips had been accidentally destroyed by fire. In these circumstances, whatever criticism may be made concerning the validity of the book as one of original entries, it was competent secondary evidence of the contents of the slips. "Where the writing containing or constituting the primary evidence of the fact to be proved is satisfactorily shown to have been lost or destroyed without the fault of the party desiring to prove the fact, secondary evidence becomes admissible." 17 Cyc. 518 and cases cited. Moreover, this testimony was supplemented and corroborated by that of the treasurer and manager of the plaintiff company, and also by the foreman and one of the workmen in its employ.

The fourth exception relates to a ruling of the court in excluding the following question propounded to the defendant by his counsel in direct examination: "41 Q. How much do you consider, Mr. Everson, is your loss in being deprived of the use of your automobile from April till June 22nd, when you could run it?" The question was properly excluded. It called for an opinion and not for facts. The judge in the Superior Court very properly inquired: "What is it that he claims might be his loss? What are the items of his loss?" The exception is therefore overruled.

The last exception relates to the refusal of the court to grant the defendant's motion for a new trial. The verdict is not against the law, for it nowhere appears that the jury disregarded the instructions of the court. The verdict of the jury was approved by the judge who presided at the trial and saw and heard the witnesses who testified in the case and there is nothing to indicate that the verdict of the jury on the facts is against the weight of the evidence.

As it does not appear that the verdict is the result of passion, prejudice or other improper motive or that the judge erred in his approval of the verdict the case comes

within the rule announced in the case of *Wilcox* v. *The Rhode Island Company*, 29 R. I. 292. The defendant's exception on this ground is therefore overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the Superior Court, with direction to enter judgment on the verdict.

*J. Jerome Hahn, John Henshaw*, for plaintiff.
*Bassett & Raymond*, for defendant.
*R. W. Richmond*, of counsel.